**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

RICKY DEWAINE FITZGERALD,

    Plaintiff,

    v.

CLARION MORTGAGE CAPITAL, a California Corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS); FIRST AMERICAN TITLE COMPANY; FIRST MERIDIAN FORECLOSURE SERVICE; MTDS, INC. a California Corporation dba MERIDIAN TRUST DEED SERVICE; ONEWEST BANK, FSB, STANLEY SILVA, individually; and DOES 1-25 CORPORATIONS; DOES AND ROES 1-15 INDIVIDUALS (Partnerships, or anyone claiming any interest to the property described in the action),

    Defendants.

3:10-cv-766-RCJ-RAM

**ORDER**

Currently before the Court are Plaintiff Ricky Dewaine Fitzgerald's ("Plaintiff") Motion to Remand (#6) and Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and OneWest Bank, FSB's ("OneWest") (collectively "Defendants") Motion to Dismiss (#22). The Court heard oral argument on June 6, 2011.

**BACKGROUND**

**I.**    **Facts**[1]

---

[1] Defendants file a request for judicial notice and attach copies of relevant publicly recorded documents. (*See* Request for Judicial Notice (#23)). This Court takes judicial notice of these public records. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (the court may take judicial notice of the records of state agencies and other undisputed matters of public record under Fed. R. Evid. 201).

Plaintiff and a person named Richard D. Easton executed a note secured by a deed of trust on a piece of property located at 8610 Malibu Drive, Reno, Nevada, 89506, which was recorded in Washoe County on September 26, 2006. (Deed of Trust (#23) at 15, 17). The mortgage, dated September 7, 2006, was for $280,000. (*Id.* at 15-16). The lender on the deed of trust was Clarion Mortgage Capital. (*Id.* at 15). The trustee on the deed of trust was First American Title Co. (*Id.*). MERS was named as "a nominee for Lender and Lender's successors and assigns" and claimed to be the beneficiary[2] under the deed of trust. (*Id.* at 16).

On March 1, 2009, Plaintiff defaulted on his mortgage. (*See* Notice of Default (#23) at 36). On April 29, 2010, MERS, as a nominee for Clarion Mortgage Capital, executed an assignment of deed of trust and transferred all beneficial interest under the deed of trust to U.S. Bank National Association. (Assignment of Deed of Trust (#23) at 39).

On April 29, 2010, Meridian Trust Deed Service ("Meridian") filed a notice of default and election to sell. (Notice of Default (#23) at 36). The notice of default stated that Plaintiff had the right to cure the default in the amount of $30,098.46. (*Id.*). The notice of default instructed Plaintiff to contact OneWest Bank FSB c/o Meridian Foreclosure Service to find out "the amount you must pay, to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason." (*Id.* at 37).

On June 2, 2010 Meridian recorded a substitution of trustee which stated that "U.S. Bank National Association, as Trustee for MARM 2006-OA2 by OneWest Bank, FSB, as Attorney-in-Fact" replaced Meridian as the trustee for First American Title. (Substitution of Trustee (#23) at 41). The substitution of trustee document included two dates. The typed date on the substitution stated April 29, 2010. (*Id.*). The notarized date stated May 7, 2010. (*Id.*). The notary's stamp stated that May 7, 2010, was the date that the document was executed before the notary. (*Id.*).

On September 29, 2010, Meridian recorded a certificate from the Nevada Foreclosure

---

[2] Despite the wording of the deed of trust, MERS is not a beneficiary to the deed of trust. *See Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650 at *2 (D. Nev. 2009).

Mediation Program which stated that "[n]o request for mediation was made or the Grantor has waived mediation. As a result no mediation is required in this matter. The Beneficiary may proceed with the foreclosure process." (Certificate (#23) at 43). On that same day, Meridian filed a notice of trustee's sale. (Notice of Trustee's Sale (#23) at 45). On October 25, 2010, Meridian recorded a notice of trustee's deed upon sale with the Washoe County Recorder's office. (Trustee's Deed Upon Sale (#23) at 48). The notice stated that the property was sold at a public auction on October 21, 2010, for $144,900 to U.S. Bank National Association as the foreclosing beneficiary. (*Id.*).

On October 20, 2010, Plaintiff recorded a notice of lis pendens on the property. (Notice of Lis Pendens (#23) at 51).

## II.   Complaint

On December 8, 2010, Defendants filed a petition for removal to this Court. (Pet. for Removal (#1)). Defendants attached Plaintiff's complaint from the Second Judicial District Court of the State of Nevada in and for the County of Washoe, dated October 20, 2010, to the petition. (*See* Compl. (#1) at 7-52).

The complaint names Clarion Mortgage Capital; MERS; First American Title Company; First Meridian Foreclosure Service; MTDS, Inc. d/b/a Meridian Trust Deed Service; OneWest Bank, FSB; and Stanley Silva as defendants and alleges the following causes of action: (1) injunctive relief; (2) declaratory relief; (3) debt collection violations under the Federal Fair Debt Collection Practices Act ("FDCPA"); (4) violations of the unfair and deceptive trade practice act under NRS § 598.0923 for conducting a business without a state, county, or city license; (5) violations of unfair lending practices under NRS § 598D.100; (6) breach of the covenant of good faith and fair dealing; (7) violations of NRS § 107.080; (8) quiet title; (9) fraud through omission by failing to disclose predatory, unethical, and unsound lending and foreclosure practices; (10) fraud in the inducement for failing to explain to Plaintiff that he was not qualified to enter the loan on the stated terms; and (11) unjust enrichment. (*Id.* at 22-48).

///

///

**DISCUSSION**

**I.     Motion to Remand (#6)**

In the removal petition, MERS alleges that this Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1332 as there is complete diversity between the parties and the amount in controversy exceeds $75,000. (Pet. for Removal (#1)). Specifically, MERS states that Plaintiff is a resident of the State of Nevada and is the owner of the real property at issue in this case. Defendants OneWest and MERS are incorporated in the State of Delaware. OneWest's principal place of business is Pasadena, California. MERS's principal place of business is Virginia. Defendants Clarion Mortgage Capital, First American Title Company and Meridian are incorporated in the State of California and have their principal places of business in California. Plaintiff has also listed First Meridian Foreclosure Service ("First Meridian") in the case caption. However, according to Defendants, First Meridian is an unknown entity and Plaintiff alleges no causes of action against it.[3] Finally, Plaintiff has listed an individual, Stanley Silva ("Silva") as a defendant to this action. Plaintiff does not allege any residency for Silva, and Plaintiff alleges no causes of action against him in his individual capacity.

Following Defendants' removal, Plaintiff filed a motion to remand. Plaintiff alleges that remand is appropriate because there is not complete diversity between the parties. Plaintiff concedes that he failed to allege the residency of the individually-named defendant Stanley Silva in his complaint, however, in his motion, Plaintiff states that Silva is a resident of Nevada. (Mot. to Remand (#6) at 2). Plaintiff also states that contrary to Defendants' argument, the complaint does allege causes of action against Silva. According to Plaintiff, he has asserted that "Defendant [Meridian] . . . by Defendant Stanley Silva, individually executed the Notice of Default and Election to Sell Under Deed of Trust." *Id.* at 3. In addition, Plaintiff states that a Notice of Default was filed by Meridian and "signed by Defendant Stanley Silva." *Id.* Finally,

---

[3] Defendants assert that First Meridian "may have been included in the caption by error." (Notice of Removal (#1) at 3). Considering the majority of Plaintiff's complaint appears to be "cut and paste" from similar types of complaint, it is likely that First Meridian was erroneously included in the title.

4

Plaintiff states that all Defendants, including Silva, are liable for unjust enrichment on the grounds of advancing wrongful foreclosures. *Id.*

Defendants argue that Plaintiff's motion to remand must be denied because Stanley Silva was fraudulently joined. According to Defendants, Silva "has not been served", and "has not appeared." (Opp'n (#9) at 2). Rather, Defendants state Silva was named as a defendant for the "sole purpose of defeating diversity of citizenship." *Id*. Defendants note that "[t]here is absolutely no mention of Stanley Silva or any acts or omissions on his individual part other than signing the Notice of Default as an agent in any of the causes of action." *Id.* Thus, Defendants argue that there are "simply no viable factual allegations against Stanley Silva," and his citizenship should be disregarded as a fraudulently joined defendant.

"A motion to remand is the proper procedure for challenging removal." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). "The removal statute is strictly construed and any doubt about the right of removal requires resolution in favor of remand." *Id.* "It is to be presumed that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006)(quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)(alterations in original). The "strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper," and that the court resolves all ambiguity in favor of remand to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Diversity jurisdiction is governed by 28 U.S.C. § 1332. According to that statute, the district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States." 28 U.S.C. 1332(a). Although an action may be removed to federal court only where there is complete diversity of citizenship, "one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009)(quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th

Cir. 2001)). Joinder is fraudulent "if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Hunter*, 582 F.3d at 1043 (internal quotations and citations omitted). In such a case, "the district court may ignore the presence of that defendant for the purpose of establishing diversity." *Id.*

In this matter, it is clear from a review of the allegations of the Complaint that Stanley Silva was fraudulently joined and that diversity jurisdiction exists in this case. Silva's only connection to this case is as an agent for one of the corporate defendants. As this Court has previously noted, an agent is not liable when he acts for a disclosed principal. *Marshall v. Gravitt*, 2007 WL 1792416 (D.Nev. 2007). In addition, Plaintiff has not pled facts making Silva liable to Plaintiff on any plausible claim. Therefore, the Court denies Plaintiff's Motion to Remand (#6).

## II.     Motion to Dismiss (#22)

Defendants argue that Plaintiff's claims for injunctive, declaratory relief, and violations of NRS § 107.080 fail as a matter of law because Defendants complied with Nevada foreclosure law. (Mot. to Dismiss (#22) at 12-20). Defendants argue that Plaintiff's claim for relief under the debt collector act fails because OneWest is not a debt collector under the act because mortgage servicing companies are excluded from the act. (*Id.* at 20). Defendants argue that the claim for violations of NRS § 598 should be dismissed because the Nevada Legislature excluded actions enforcing mortgage rights from the act. (*Id.* at 21-22). Defendants assert that Plaintiff's fifth cause of action for unfair lending practices fails as a matter of law because the statute of limitations period has run and NRS § 598D.100 does not apply to Defendants because they were not the loan originators. (*Id.* at 23). Defendants argue that Plaintiff cannot present claims for breach of the covenant of good faith and fair dealing because there is no fiduciary duty between a lender and its borrowers. (*Id.* at 26-27). Defendants argue that Plaintiff fails to assert fraud claims with Fed. R. Civ. P. 9(b) specificity and that the fraud allegations do not involve false statements. (*Id.* at 29-30). Defendants also request that the notice of lis pendens be expunged pursuant to NRS § 14.015. (*Id.* at 36).

Plaintiff filed an opposition and Defendant replied. (*See* Opp'n to Mot. to Dismiss (#25); *see* Reply to Mot. to Dismiss (#26)).

Nevada law provides that a deed of trust is an instrument that may be used to "secure the performance of an obligation or the payment of any debt." NRS § 107.020. Upon default, the beneficiary, the successor in interest of the beneficiary, or the trustee may foreclose on the property through a trustee's sale to satisfy the obligation. NRS § 107.080(2)(c).

The procedures for conducting a trustee's foreclosure sale are set forth in NRS § 107.080. To commence a foreclosure, the beneficiary, the successor in interest of the beneficiary, or the trustee must execute and record a notice of the breach and election to sell. NRS § 107.080(2)(c). The notice of default and election to sell must "[d]escribe the deficiency in performance or payment and may contain a notice of intent to declare the entire unpaid balance due if acceleration is permitted by the obligation secured by the deed of trust." *Id.* § 107.080(3)(a).

The trustee or other person authorized to make the sale must wait three months after recording the notice of default and election to sell. NRS § 107.080(2)(d). After the three month period, the trustee must give notice of the time and place of the sale. *Id.* § 107.080(4). Under NRS § 107.080(5), a "sale made pursuant to this section may be declared void by any court of competent jurisdiction in the county where the sale took place if . . . [t]he trustee or other person authorized to make the sale does not substantially comply with the provisions of this section." *Id.* § 107.080(5)(a).

A nominee on a deed of trust has the authority, as an agent, to act on behalf of the holder of the promissory note and execute a substitution of trustees. *Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650, * 1 (D. Nev. 2009). As long as the note is in default and the foreclosing trustee is either the original trustee or has been substituted by the holder of the note or the holder's nominee, there is no defect in the Nevada foreclosure. *Id.* at *2.

In this case, there appears to be a statutory defect in the foreclosure. On April 29, 2010, MERS, as a nominee for the lender, assigned all beneficial interest in the deed of trust to U.S. Bank National Association. (*See* Assignment of Deed of Trust (#23) at 39). That same

day, Meridian Trust Deed Service recorded a notice of default. (*See* Notice of Default (#23) at 36-37). On May 7, 2010, U.S. Bank National Association executed a substitution of trustees and replaced Meridian Trust Deed Service as the trustee for First American. (*See* Substitution of Trustee (#23) at 41). Thus, Meridian Trust Deed Service initiated foreclosure proceedings before it had the authority to do so. Accordingly, the Court finds that Plaintiff's second claim for declaratory relief, seventh claim for violations of NRS § 107.080, and eighth claim for quiet title survive the motion to dismiss. However, the Court dismisses Plaintiff's first claim for injunctive relief without leave to amend.

Additionally, Plaintiff's third claim for relief for violations of the FDCPA also fail as a matter of law because "[f]oreclosure pursuant to a deed of trust does not constitute debt collection under the FDCPA." *See Camacho-Villa v. Great Western Home Loans*, 2011 WL 1103681, *4 (D. Nev. Mar. 23, 2011) (citing 15 U.S.C. § 1692a(6)). Thus, this Court dismisses this claim without leave to amend.

Plaintiff's fourth cause of action for violations of unfair and deceptive trade practices, pursuant to NRS § 598.0923, also fail as a matter of law. Under that statute, a person engages in deceptive trade practices when, in the course of his or her business or occupation he or she knowingly conducts the business or occupation, without all required state, county, or city licenses. Nev. Rev. Stat. § 598.0923(1). However, the statutes explicitly state that the following activities do not constitute doing business in this State: (1) maintaining, defending or settling any proceeding; (2) creating or acquiring indebtedness, mortgages, and security interests in real or personal property; and (3) securing or collecting debts or enforcing mortgages and security interests in property securing the debts. Nev. Rev. Stat. § 80.015(1)(a), (g)-(h). Because Defendants are explicitly exempt from acquiring licenses in this mortgage case, the Court dismisses Plaintiff's fourth cause of action without leave to amend.

Plaintiff's fifth cause of action for unfair lending practices also fails as a matter of law because this lawsuit was filed over three years after the loans were made, thus, exceeding the statute of limitations. *See* Nev. Rev. Stat. § 11.190(3)(a). Therefore, this Court dismisses this claim without leave to amend.

Plaintiff's sixth cause of action for the breach of the covenant of good faith and fair dealing fails as a matter of law. Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution ." *A.C. Shaw Constr. v. Washoe County*, 784 P.2d 9, 9 (Nev.1989) (quoting Restatement (Second) of Contracts § 205). To establish a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must show that: (1) the plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith and fair dealing to the plaintiff;  (3) the defendant breached his duty by performing in a manner unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *See Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995) (citing *Hilton Hotels Corp. v. Butch Lewis Prod. Inc.*, 808 P.2d 919, 922-23 (Nev. 1991)). In this case, Plaintiff alleges that there was a breach of the covenant because Clarion, MERS, and First American led him to believe they would modify his loan. (*See* Compl. (#1) at 35-36). Because there is no loan modification contract between the parties, Plaintiff fails to state a claim as a matter of law. Additionally, Plaintiff's allegations that Defendants breached the covenant of good faith and fair dealing by initiating foreclosure proceedings on the original loan is without merit. Therefore, the Court dismisses Plaintiff's sixth cause of action without leave to amend.

Plaintiff also fails to state a claim in his ninth and tenth causes of action for fraud. The elements of fraud in Nevada are: (1) a false representation made by the defendant; (2) defendant's knowledge or belief that the representation is false (or insufficient basis for making the representation); (3) defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation; (4) justifiable reliance upon the misrepresentation; and (5) damage to the plaintiff resulting from such reliance. *Bulbman, Inc. v. Nevada Bell*, 825 P.2d 588, 592 (Nev. 1992). Pursuant to Fed. R. Civ. P. 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). As such, the pleadings "must state precisely the time, place, and nature of the misleading statements, misrepresentations, and specific acts of fraud." *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994). In this case, Plaintiff makes general allegations of fraud

based on the failure to disclose certain facts about the inner workings of the mortgage industry and for failing to explain to him that he was not qualified to enter the loans on the stated terms. Because Plaintiff does not allege that Defendants made any false statements about the terms of the deal he fails to state a claim for fraud. Additionally, Plaintiff's fraud allegations lack the specificity required by Rule 9(b). Therefore, the Court dismisses Plaintiff's ninth and tenth causes of action without leave to amend.

Additionally, the eleventh cause of action for unjust enrichment fails as a matter of law because the deed of trust is a written contract governing the relationship between the parties. *See Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997). Therefore, the Court dismisses this claim without leave to amend.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's Motion to Remand is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (#22) is GRANTED in part as to claims one, three, four, five, six, nine, ten, and eleven, without leave to amend, but DENIED in part as to claims two (declaratory relief), seven (violations of NRS § 107.080), and eight (quiet title).

DATED: This 5th day of July, 2011.

_____
United States District Judge