UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICKY DEWAINE FITZGERALD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> CLARION MORTGAGE CAPITAL, a ) <br> California Corporation; MORTGAGE ) <br> ELECTRONIC REGISTRATION SYSTEM, ) <br> INC., FIRST AMERICAN TITLE COMPANY; ) <br> FIRST MERIDIAN FORECLOSURE ) <br> SERVICE; MTDS, INC., a California ) <br> Corporation dba MERIDIAN TRUST DEED ) <br> SERVICE; ONEWEST BANK FSB; ) <br> STANLEY SILVA, individually; and DOES 1- ) <br> 25 CORPORATIONS, DOES and ROES 1- ) <br> 25 individuals, partnerships, or anyone ) <br> claiming any interest to the property ) <br> described in the action, ) <br> ) <br> Defendants. ) <br> ) <br> _____ ) | 3:10-cv-766-RCJ-RAM <br><br> **ORDER** |

This is a standard foreclosure case involving a single property. Defendants Meridian Foreclosure Service and MTDS, Inc., doing business as Meridian Trust Deed Service, filed a motion for judgment on the pleadings (#43), which Defendants Mortgage Electronic Registration System, Inc. ("MERS") and OneWest Bank, FSB ("OneWest") later joined (collectively "Defendants"). Defendants MERS and OneWest then filed a motion for summary judgment (#48), which Defendants Meridian Foreclosure Service and MTDS later joined. For the following reasons, Defendants' motion for summary judgment is granted and Defendants' motion for judgment on the pleadings is dismissed as moot.

**BACKGROUND**

**I.    Facts**

Plaintiff and a person named Richard D. Easton executed a note secured by a deed of trust on a piece of real property located at 8610 Malibu Drive, Reno, Nevada, 89506, which was recorded in Washoe County on September 26, 2006.  (Deed of Trust (#49) at 15).  The mortgage, dated September 7, 2006, was for $280,000.  (*Id.* at 16).  The lender on the deed of trust was Clarion Mortgage Capital.  (*Id.* at 15).  The trustee on the deed of trust was First American Title Co.  (*Id.*).  MERS was named as "a nominee for Lender and Lender's successors and assigns" and claimed to be the beneficiary under the deed of trust.[1]  (*Id.* at 16).

On March 1, 2009, Plaintiff defaulted on his mortgage.  (*See* Notice of Default (#49) at 36-37).  On April 29, 2010, MERS, as a nominee for Clarion Mortgage Capital, executed an assignment of deed of trust and transferred all beneficial interest under the deed of trust to U.S. Bank National Association. (Assignment of Deed of Trust (#49) at 41).

On April 29, 2010, MTDS filed a notice of default and election to sell.  (Notice of Default (#49) at 36).  The notice of default stated that Plaintiff had the right to cure the default in the amount of $30,098.46.  (*Id.*).  The notice of default instructed Plaintiff to contact OneWest Bank FSB c/o Meridian Foreclosure Service to find out "the amount you must pay, to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason." (*Id.* at 37).

On June 2, 2010 MTDS recorded a substitution of trustee in which MTDS was named by U.S. Bank National Association as the new trustee over the deed of trust.  (Substitution of Trustee (#49) at 39).  The substitution of trustee document included two dates.  The typed date on the substitution stated April 29, 2010.  (*Id.*).  The notarized date stated May 7, 2010.  (*Id.*).  The notary's stamp stated that May 7, 2010 was the date that the signing party

---

[1] Despite the wording of the deed of trust, MERS is not a beneficiary to the deed of trust.  *See Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650, at *2 (D. Nev. 2009).

2

acknowledged to the notary that the signing party had properly executed the document. (*Id.*).

On September 29, 2010, MTDS recorded a certificate from the Nevada Foreclosure Mediation Program which stated that "[n]o request for mediation was made or the Grantor has waived mediation. As a result no mediation is required in this matter. The Beneficiary may proceed with the foreclosure process." (Certificate (#49) at 43). On that same day, MTDS filed a notice of trustee's sale. (Notice of Trustee's Sale (#49) at 45). On October 25, 2010, MTDS recorded a notice of trustee's deed upon sale with the Washoe County Recorder's Office. (Trustee's Deed Upon Sale (#49) at 48). The notice stated that the property was sold at a public auction on October 21, 2010, for $144,900 to U.S. Bank National Association as the foreclosing beneficiary. (*Id.*).

On October 20, 2010, Plaintiff recorded a notice of lis pendens on the property. (Notice of Lis Pendens (#49) at 51).

**II.     Complaint**

On December 8, 2010, Defendants filed a petition for removal to this Court. (Pet. for Removal (#1)). Defendants attached Plaintiff's complaint from the Second Judicial District Court of the State of Nevada in and for the County of Washoe, dated October 20, 2010, to the petition. (*See* Compl. (#1) at 7-52).

The complaint names Clarion Mortgage Capital; MERS; First American Title Company; First Meridian Foreclosure Service; MTDS, Inc. d/b/a Meridian Trust Deed Service; OneWest Bank, FSB; and Stanley Silva as defendants and alleges the following causes of action: (1) injunctive relief; (2) declaratory relief; (3) debt collection violations under the Federal Fair Debt Collection Practices Act; (4) violations of the Unfair and Deceptive Trade Practices Act under NRS § 598.0923 for conducting a business without a state, county, or city license; (5) unfair lending practices under NRS § 598D.100; (6) breach of the covenant of good faith and fair dealing; (7) violations of NRS § 107.080; (8) quiet title; (9) fraud through omission by failing to disclose predatory, unethical, and unsound lending and foreclosure practices; (10) fraud in the inducement for failing to explain to Plaintiff that he was not qualified to enter the loan on the stated terms; and (11) unjust enrichment. (*Id.* at 22-48).

Defendants filed a motion to dismiss the complaint for failure to state a claim on March 15, 2011. (Mot. to Dismiss (#22)). On July 5, 2011, this Court granted the motion to dismiss in part and denied it in part. (Order (#35)). Specifically, this Court dismissed all claims against Defendants except for the claims for declaratory relief (count 2), violations of NRS § 107.080 (count 7), and quiet title (count 8). (*Id.* at 10).

On September 16, 2011, Defendants Meridian Foreclosure Service and MTDS filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (Mot. for J. on Pleadings (#43)). Defendants MERS and OneWest joined the motion for judgment on the pleadings on September 19, 2011. (Joinder (#44)). Defendants MERS and OneWest then filed a motion for summary judgment on November 9, 2011. (Mot. for Summ. J. (#48)). Defendants Meridian Foreclosure Service and MTDS joined the motion for summary judgment on November 28, 2011. (Joinder (#50)).

## LEGAL STANDARD

### I.  Summary Judgment

The purpose of summary judgment is to dispose of factually unsupported claims and defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is material if it may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

When presented with a motion for summary judgment, the court employs a burden-shifting analysis. When the moving party would bear the burden of proof at trial, it must present evidence "which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)). In such circumstances, "the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.* In contrast, when the nonmoving

4

party would bear the burden of proving the claim or defense, the moving party may satisfy its burden in two ways: (1) by presenting evidence which negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party has failed to make a showing sufficient to establish an essential element to that party's case on which that party would bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323-24. If the moving party fails to satisfy its initial burden, the court must deny the motion for summary judgment and need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

If the moving party meets its initial burden, the burden will then shift to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To show a genuine issue of material fact, the opposing party is not required to establish a material issue of fact conclusively in its favor. Rather, it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quoting *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). In essence, the nonmoving party cannot avoid summary judgment by solely relying on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The opposition must go beyond the allegations and assertions of the pleadings and set forth specific fact by providing the court with competent evidence that establishes a genuine issue for trial. FED. R. CIV. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, the court is not to weigh the evidence and determine the truth, but rather to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant must be believed, and all justifiable inferences drawn in his favor. *Id.* at 255. If the evidence of the nonmoving party is simply colorable or it is not significantly probative, summary judgment may be granted. *See id.* at 249-50.

**II.    Judgment on the Pleadings**

Fed. R. Civ. P. 12(c) permits any party to move for judgment on the pleadings. "A

judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998)).

Motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) are "functionally identical" to motions for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). The primary difference between the two is that a " 'Rule 12(c) motion, unlike a Rule 12(b)(6) motion, implicates the pleadings as a whole,' and not merely the complaint." *Amerson v. Cnty. of Clark*, 2011 WL 4433751, at *2 (D. Nev. 2011) (citing *Aponte–Torres v. Univ. of Puerto Rico*, 445 F.3d 50, 54–55 (1st Cir. 2006)).

**DISCUSSION**

**I.    Motion for Summary Judgment**

Defendants have moved for summary judgment on Plaintiff's three remaining causes of action. (Mot. for Summ. J. (#48)). As Defendants have satisfied their burden with respect to each claim and because Plaintiff has failed to establish a genuine issue of material fact for trial, the Court grants Defendants' motion for summary judgment.

**A.    Violations of NRS § 107.080**

Nevada law provides that a deed of trust is an instrument that may be used to "secure the performance of an obligation or the payment of any debt." NEV. REV. STAT. § 107.020. Upon default, the beneficiary, the successor in interest of the beneficiary, or the trustee may foreclose on the property through a trustee's sale to satisfy the obligation. *Id.* § 107.080(2)(c).

The procedures for conducting a trustee's foreclosure sale are set forth in NRS § 107.080. To commence a foreclosure, the beneficiary, the successor in interest of the beneficiary, or the trustee must execute and record a notice of the breach and election to sell. *Id.* § 107.080(2)(c). The trustee or other person authorized to make the sale must wait three months after recording the notice of default and election to sell. *Id.* § 107.080(2)(d). Under NRS § 107.080(5), a "sale made pursuant to this section may be declared void by any court

of competent jurisdiction in the county where the sale took place if . . . [t]he trustee or other person authorized to make the sale does not substantially comply with the provisions of this section." *Id.* § 107.080(5)(a).

A nominee on a deed of trust has the authority, as an agent, to act on behalf of the holder of the promissory note and execute a substitution of trustees. *Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650, at *1 (D. Nev. 2009). As long as the note is in default and the foreclosing trustee is either the original trustee or has been substituted by the holder of the note or the holder's nominee, there is no defect in the Nevada foreclosure. *Id.* at *2.

The Court previously held that a statutory defect was present in the foreclosure, finding that MTDS had not been properly substituted as trustee when it filed the notice of default. (Order (#35) at 7-8). The Court found that although the substitution of trustee was executed on April 29, 2010 (the same day the notice of default was filed), it was not acknowledged until May 7, 2010. (*Id.*). The Court held that the effective date of the substitution of trustee was the date the document was acknowledged, and accordingly a statutory defect was present because the notice of default had been filed before the substitution of trustee had been effected. (*Id.* at 8).

However a recent unpublished opinion by the Nevada Supreme Court held that the effective date of the substitution of trustee is only the acknowledgment date if the deed of trust so provides.[2] *Foust v. Wells Fargo, N.A.*, 2011 WL 3298915, at *2 n.5 (Nev. 2011). In *Foust*, the assignee of the note substituted AHMSI Default Services, Inc. ("AHMSI") as trustee of the deed of trust in question on January 2, 2009 and a notice of default against the plaintiffs was filed by AHMSI that same day. *Id.* at *1. However, the substitution of trustee was not acknowledged until January 20, 2009. *Id.* The Court held that "[i]n order for a substitution of trustee to be valid, it must be in the manner and form required by the provisions of the deed

---

[2] Nevada Supreme Court Rule 123 generally prohibits citing unpublished opinions as legal authority. *Foust* here is not being relied upon as binding legal authority, but is merely instructive on the resolution of this matter as the facts are identical.

7

of trust, unless additional formalities are required by statute." *Id.* at *2 n.5. Noting that Nevada has no applicable statute for the substitution of trustees, the Court turned to the deed of trust, which stated: "Lender at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder." *Id.* The Court noted that there was no acknowledgment requirement in this language, and therefore the Court held that AHMSI had properly been substituted as trustee on January 2, 2009, not January 20, 2009. *Id.*

The language of the substitution of trustee in the present case is identical to the language of the substitution of trustee in *Foust*. (*See* Deed of Trust (#49) at 27). Thus, following the reasoning in *Foust*, the effective date of the substitution of trustee was April 29, 2010 and not May 7, 2010. The language of the substitution of trustee also leads to this conclusion. The document states that it was executed on April 29, 2010 and that on May 7, 2010 the signing party only acknowledged to the notary that the document had been signed by him. (*Id.*). As the notice of default was filed by MTDS after it had been substituted as trustee on April 29, 2010, the foreclosure was proper. Defendants have consequently satisfied their burden and are entitled to summary judgment on this count.

### B.    Quiet Title

A quiet title action may be brought by a party who claims an adverse interest in the subject property. NEV. REV. STAT. § 40.010. Quiet title actions are also equitable in nature. *MacDonald v. Krause*, 362 P.2d 724, 727 (Nev. 1961). As the foreclosure process was proper, quieting title to the property in favor of Plaintiffs would be inequitable. Accordingly, summary judgment is also granted in favor of Defendants on this claim.

### C.    Declaratory Relief

Declaratory relief is not an independent cause of action, but rather is dependent on the plaintiff's other substantive claims. *Stock West, Inc. v. Confederated Tribes of Coville Reservations*, 873 F.2d 1221, 1225 (9th Cir. 1989). As Defendants are entitled to summary judgment on Plaintiff's substantive claims, Defendants are also entitled to summary judgment on this dependent claim as well.

### II.     Motion for Judgment on the Pleadings

Defendants have also filed a motion for judgment on the pleadings. (Mot. for J. on Pleadings (#43)). Because the Court grants Defendants' motion for summary judgment, there is no need to address this motion. Ultimately, the same analysis would apply to Defendants' motion for judgment on the pleadings that was applied to Defendants' motion for summary judgment. Defendants have shown, as described above, that the foreclosure was proper and therefore they are entitled to judgment as a matter of law on their claims for violations of NRS § 107.080, quiet title, and declaratory relief. As Defendants are entitled to judgment as a matter of law they are entitled to a judgment on the pleadings in their favor. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) ("A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." (quoting *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998))). But as the Court has granted Defendants' motion for summary judgment, Defendants' motion for judgment on the pleadings (#43) will be dismissed as moot.

### CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendants' motion for summary judgment (#48) is granted. Because the Court grants Defendants' motion for summary judgment, Defendants' motion for judgment on the pleadings (#43) is dismissed as moot.

DATED: This 31st day of January, 2012.

_____
United States District Judge